E-FILED
Thursday, 16 July, 2026 03:17:53 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | |
|---|---|
| MARK GRIFFITH,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) No. 4:26-cv-4169-SEM-DJQ<br>) |
| HILL CORRECTIONAL<br>CENTER, et al.,<br>    Defendants. | )<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Mark Griffith, who is currently incarcerated at Stateville Correctional Center, filed an Amended Complaint under 42 U.S.C. § 1983 and a Motion to Request Counsel. (Docs. 13, 16). For the reasons stated below, Plaintiff's Amended Complaint is dismissed without prejudice, and Plaintiff's Motion to Request Counsel is denied.

## I. Background

On June 26, 2026, Plaintiff filed a Complaint in the United States District Court for the Northern District of Illinois. (Doc. 1). On June 30, 2026, the Northern District transferred Plaintiff's case to this Court pursuant to 28 U.S.C.

§ 1406(a), as the events described in Plaintiff's Complaint occurred at Hill Correctional Center ("Hill"), which is located in Knox County, Illinois. (Doc. 5). Thus, venue was proper in the Central District. *See* 28 U.S.C. § 93(b).

Prior to merit review, Plaintiff filed an Amended Complaint, which was docketed as a Motion for Leave to File Amended Complaint (Doc. 10), a Petition to Proceed *in forma pauperis* (Doc. 11), and a Motion to Request Counsel (Doc. 13). Plaintiff's Motion for Leave to File Amended Complaint and Petition to Proceed *in forma pauperis* were granted on July 16, 2026.

## II. Screening Standard

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as accurate, liberally construing them in Plaintiff's

favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### III. Facts Alleged

At all times relevant to his Amended Complaint, Plaintiff was an inmate at Hill. Plaintiff names Hill, the Illinois Department of Corrections ("IDOC"), and IDOC Director Latoya Hughes as Defendants. (Doc. 16 at p. 2).

Plaintiff states that he was housed in cell 18D in 1 House and cell 79C in 2 House between October 1, 2025, and February 26, 2026. Plaintiff alleges that both cells had mold, asbestos, and bugs and there was no heat in the winter. Plaintiff alleges that mold and fungus were present in the showers, and he was denied a shower between October 3-12, 2025. Plaintiff states that his food was often served cold, the water was contaminated, other inmates smoked around him, there were frequent lockdowns, and he did not receive adequate yard time. Plaintiff also claims that he was denied

mental health treatment and his medication. Finally, Plaintiff alleges that he was not permitted to attend his father's funeral by video on an unspecified date.

### IV. Analysis

Plaintiff named the IDOC and Hill as Defendants, but the IDOC and Hill are not "persons" amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Furthermore, the IDOC and Hill, as State agencies, enjoy Eleventh Amendment immunity in a suit for money damages. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Plaintiff also named Director Hughes as a Defendant, but Plaintiff did not include any allegations against Defendant Hughes in the body of his Amended Complaint. Defendant Hughes is not liable based solely on her supervisory role as IDOC Director. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). If state prison officials are named, they must

be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

## V. Motion to Request Counsel

Plaintiff filed a Motion to Request Counsel asking the Court to appoint counsel to represent him. (Doc. 13). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711.

Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff

renews his Motion, he is directed to attach copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1)    **Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file a Second Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2)    **The Clerk is directed to send Plaintiff a blank section 1983 complaint form.**

3)    **Plaintiff's Motion to Request Counsel [13] is DENIED, with leave to renew.**

ENTERED July 16, 2026.

s/ *Sue E. Myerscough*

_____

SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE